IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN MARLOW**                                                                                        **PLAINTIFF**

v.                                     **CASE NO. 4:19-CV-00666-BSM**

**CITY OF CLARENDON,** *et al.*                                                        **DEFENDANTS**

## ORDER

Defendants' motion for reconsideration [Doc. No. 39] is denied. John Marlow's motion to alter or amend [Doc. No. 40] is denied.

### I. BACKGROUND

Defendants argue that the denial of summary judgment on Marlow's Arkansas Whistle-Blower Act ("AWBA") claim should be reconsidered. They argue that the denial was based on a misunderstanding of which incident of officer Derrick Times's misconduct Marlow reported to Chief Rash in a written statement. Mot. Recon. ¶¶ 3–6, Doc. No. 39. They provide a written statement that Marlow gave Rash, which concerned a verbal alteration between Times and another man who knew Times's girlfriend. Mot. Recon, Ex. 1.

Marlow responds that he had notified Chief Rash of officer Times's misconduct previously, and that he was terminated only after sharing dashcam footage of Times's misconduct with someone outside of the Clarendon Police Department ("CPD"). Pl.'s Mot. Alter ¶ 2, Doc. No. 40 (citing John Marlow Audio R., 12:4–5, Doc. No. 28-3).

Marlow also argues that the grant of summary judgment on his free speech claims should be reconsidered. He argues that the CPD's mistaken belief that he gave the dashcam footage to City Council, coupled with his termination, gives rise to First Amendment violations. Pl.'s Mot. Alter ¶ 4.

## II. LEGAL STANDARD

A motion for reconsideration is appropriate "to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).  A motion for reconsideration is not, however, the proper vehicle to "introduce new evidence that could have been adduced during pendency" of the motion at issue, nor is it the appropriate method to introduce new legal theories.  *Hagerman*, 839 F.2d at 414.

## III. DISCUSSION

Defendants' motion for reconsideration is denied.  Although they have provided Marlow's report of a separate incident of Times's misconduct, a genuine dispute of fact exists as to whether Marlow gave "reasonable notice" of Times's use of excessive force.  Ark. Code Ann. § 21-1-603(a)(2); *see* Pl.'s Mot. Alter ¶ 4.  A dispute of fact does not rise to a "manifest error" of fact.  *Arnold*, 627 F.3d at 721.

Marlow's motion for reconsideration of the grant of summary judgment on his free speech claims is denied.  It is undisputed that Marlow was terminated for sharing the dashcam video, not for what he communicated to anyone about it.  *See Rumsfeld v. Forum for Acad. & Inst. Rights*, 547 U.S. 47, 60 (2006).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration [Doc. No. 39] is denied.  Marlow's motion to alter or amend [Doc. No. 40] is denied.

IT IS SO ORDERED this 16th day of October, 2020.

*Brian S. Miller*
UNITED STATES DISTRICT JUDGE