IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOHN MARLOW**                                                                                          **PLAINTIFF**

v.                                        **CASE NO. 4:19-CV-00666-BSM**

**CITY OF CLARENDON,** *et al.*                                                                **DEFENDANTS**

## ORDER

John Marlow's motion for a new trial or to alter or amend the judgment [Doc. No. 70] is denied. Whether to grant a new trial pursuant to Federal Rule of Civil Procedure 59 is discretionary. *Der v. Connolly*, 666 F.3d 1120, 1126 (8th Cir. 2012). The key question is whether a new trial is necessary to prevent a miscarriage of justice. *Id*. Marlow states that a new trial is warranted because the evidence does not support the verdict. Specifically, Marlow argues that subjective intent is not an element of a claim under the Arkansas Whistleblower Act. As defendants correctly point out, the statute requires a good faith communication to an appropriate authority, Ark. Code. Ann. section 21-1-603, and as the agreed jury instructions state, the communication must have been made in a time and manner which gave the public employer reasonable notice. Doc. No. 64. Marlow's motion is denied because the verdict was not against the clear, overwhelming, or great weight of the evidence. *See McBryde v. Carey Lumber Co.*, 819 F.2d 185, 189 (8th Cir. 1987).

IT IS SO ORDERED this 14th day of July, 2022.

*/s/ Brian S. Miller*
UNITED STATES DISTRICT JUDGE